## Richmond

JAMES CALVIN BLYTHE

V.

COMMONWEALTH OF VIRGINIA

December 4, 1981.

Record No. 810338.

Present: All the Justices.

*John E. Eure, Jr. (Eure and Johnson, on brief), for appellant.
Linwood T. Wells, Jr., Assistant Attorney General (Marshall
Coleman, Attorney General, on brief), for appellee.*

CARRICO, C.J., delivered the opinion of the Court.

The defendant, James Calvin Blythe, was indicted separately
for murder and the unlawful shooting, stabbing, cutting, or
wounding of another in the commission of a felony (Code § 18.2-
53). In a single jury trial, the defendant was convicted of volun-
tary manslaughter, with punishment fixed at ten years' imprison-
ment, and of the wounding charge, with punishment fixed at five
years' imprisonment. The trial court imposed the prison terms
fixed by the jury and ordered that the defendant serve the
sentences consecutively.

The charges against the defendant grew out of a domestic dis-
pute on June 18, 1980, during which the defendant stabbed his
mother's boyfriend, Earl Rivers. Medical evidence showed Rivers
died from stab wounds to the neck and chest.

On appeal, the defendant contends that to convict and sentence
him for both voluntary manslaughter and unlawful wounding vio-
lates statutory and constitutional prohibitions against multiple
punishments for the same offense. The statutory argument is
based upon Code § 19.2-294, which provides, in part:

> If the same act be a violation of two or more stat-
> utes . . . conviction under one of such statutes . . . shall
> be a bar to a prosecution or proceeding under the other or
> others.

The defendant maintains that, because his single act of stabbing
Rivers violated both Code § 18.2-35,[1] relating to voluntary man-
slaughter, and § 18.2-53,[2] concerning unlawful wounding, convic-
tion under the first statute bars conviction under the other.

---

[1] § 18.2-35. *How voluntary manslaughter punished.*—Voluntary manslaughter is pun-
ishable as a Class 5 felony.

[2] § 18.2-53. *Shooting, etc., in committing or attempting a felony.*—If any person in the
commission of, or attempt to commit, felony, unlawfully shoot, stab, cut or wound another
person he shall be guilty of a Class 6 felony.

■ Section 19.2-294, however, applies only where two or more *statutory* offenses are involved. While the unlawful shooting, stabbing, cutting, or wounding of another is a statutory offense, voluntary manslaughter is not; manslaughter is a common law offense. Section 18.2-35, cited by the defendant and quoted in footnote 1, merely fixes the punishment for voluntary manslaughter; the section does not define the offense. Therefore, § 19.2-294 does not bar the defendant's conviction and punishment for both voluntary manslaughter and unlawful wounding.

In his constitutional argument, the defendant focuses upon the provision that no person "shall . . . for the same offense . . . be twice put in jeopardy of life or limb." U.S. Const., amend. V. The defendant reiterates his view concerning the singularity of his criminal act and emphasizes the sameness of the evidence supporting his convictions. The defendant asserts that the wounding charge was a lesser included offense of the murder charge, upon which he was convicted of voluntary manslaughter, and, thus, that his case satisfies the "same evidence" test formulated to determine the identity of offenses for double jeopardy purposes.

■ The constitutional provision concerning double jeopardy embodies three guarantees: "(1) 'It protects against a second prosecution for the same offense after acquittal. [(2)] It protects against a second prosecution for the same offense after conviction. [(3)] And it protects against multiple punishments for the same offense.'" *Illinois* v. *Vitale,* 447 U.S. 410, 415 (1980), quoting *North Carolina* v. *Pearce,* 395 U.S. 711, 717 (1969). Because both the defendant's convictions occurred in a single trial, only the third guarantee, *viz.,* that against multiple punishments, is pertinent to resolution of the present appeal. *Turner* v. *Commonwealth,* 221 Va. 513, 529, 273 S.E.2d 36, 46-47 (1980).

■ In the single-trial setting, "the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown* v. *Ohio,* 432 U.S. 161, 165 (1977). And, "the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." *Whalen* v. *United States,* 445 U.S. 684, 688 (1980). Or, stated another way, "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legisla-

tive Branch intended to be imposed." *Whalen,* 445 U.S. at 698 (Blackmun, J., concurring). See also *Busic* v. *United States,* 446 U.S. 398, 413 (1980) (Blackmun, J., concurring).

██ The question resolves itself, therefore, into one of legislative intent where the issue is whether "the Legislative Branch" has provided that two offenses may be punished cumulatively. In divining this intent, the test to be applied is "whether each [offense] requires proof of a fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304 (1932). And, in applying this test, the two offenses are to be examined in the abstract, rather than with reference to the facts of the particular case under review. *Whalen,* 445 U.S. at 694 n.8.

██ We believe that, when viewed in the abstract, the charges involved in the present case qualify as separate offenses within the meaning of the *Blockburger* test and, therefore, that one offense is not lesser included within the other. The offense of murder, one of the charges against the defendant, requires proof of the victim's death; the other charge, a violation of § 18.2-53, does not require proof of this fact. The § 18.2-53 charge requires proof of a shooting, stabbing, cutting, or wounding.[3] The murder charge does not require proof of any of these facts; murder may be committed by other means, *e.g.,* by suffocating or poisoning the victim.

██ The defendant argues, however, that § 18.2-53 does not indicate any legislative intent that the punishment prescribed for a violation of the section should be in addition to the penalty provided for the primary felony in whose commission the shooting, stabbing, cutting, or wounding of another occurs. To support this argument, the defendant cites § 18.2-53.1, which prohibits the use or display of a firearm in the commission of murder, rape, robbery, burglary, malicious wounding, and abduction. As the defendant points out, § 18.2-53.1 provides that a violation of this section "shall constitute a separate and distinct felony" and that punishment therefor "shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony." Because a similar expression of intent does not appear in § 18.2-53, the defendant says,

---

[3] Consistently, we have interpreted the term "wounding," as used in statutes similar to § 18.2-53, to require proof of a breaking of the skin. *Shackelford* v. *Commonwealth*, 183 Va. 423, 426, 32 S.E.2d 682, 684 (1945); *Harris* v. *Commonwealth*, 150 Va. 580, 583, 142 S.E. 354, 355 (1928).

"the legislature did not intend to make Section 18.2-53 a separate offense."

We disagree with the defendant. The purpose of § 18.2-53 is to deter the use of specific forms of violence and thus lessen the risk of bodily harm to the potential victims of felonious crime. To effectuate this purpose, the General Assembly employed the only appropriate means available, *viz.,* the imposition of punishment for the use of such violence in addition to the penalty prescribed for the primary felony. We believe the legislative intent to authorize cumulative punishment is clear in § 18.2-53, despite the absence of an express statement to that effect; indeed, we can perceive no other reason for the enactment of the section.

For the reasons assigned, the judgment of the trial court will be affirmed.

*Affirmed.*