COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued at Norfolk, Virginia


KENNETH WAYNE LONG
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0399-95-1       JUDGE LARRY G. ELDER
                                       DECEMBER 5, 1995
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

                    A. Bonwill Shockley, Judge

            Curtis T. Brown (Law Office of Curtis Brown, on
            brief), for appellant.

            Marla Lynn Graff Decker, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on brief),
            for appellee.



     Kenneth Wayne Long (appellant) appeals his convictions for

cruelty and injuries to children in violation of Code § 40.1-103

and abduction in violation of Code § 18.2-47.  Appellant asserts

his convictions violated the double jeopardy bar of multiple

punishments for the same offense.  We disagree and affirm the

convictions for the following reasons.[1]

---

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.


    [1]Appellant's ex-girlfriend, Mercedes Christina Russell (the
mother of the child), was convicted of identical charges in a
separate trial.  Ms. Russell appealed her convictions to the
Court of Appeals, also arguing double jeopardy barred her
convictions for both offenses.  Another panel of this Court heard
Ms. Russell's case.  That panel affirmed Ms. Russell's
convictions, holding the two charges were separate offenses, each
requiring proof of additional facts to satisfy separate elements.
 Russell v. Commonwealth, Case No. 1435-94-1 (October 10,
1995)(memorandum opinion).

Appellant lived with his girlfriend, Mercedes Russell and Russell's daughter, four year old Melanie, from before September 1993 to January 1994. As a means of disciplining Melanie, appellant constructed a device known as "the box" in the apartment's master bedroom linen closet. The box was formed with the aid of a wooden panel that slid up and down the frame of the closet door, which allowed appellant to restrain Melanie within the device without allowing her to escape. Appellant and/or Mercedes Russell placed Melanie in the box on various occasions for anywhere between five minutes and one hour. As another form of punishment, appellant and/or Mercedes Russell forced Melanie to stand in the corner of the master bedroom.

In a bench trial before the Honorable A. Bonwill Shockley, Circuit Court of the City of Virginia Beach, appellant was convicted of cruelty and injuries to children and abduction. During the trial, appellant made appropriate motions to strike the evidence, arguing the Commonwealth failed to prove facts necessary to support the two separate charges. The trial court overruled the motions, reasoning that:

> In the abduction count I believe we could look at depriving a person of personal liberty, and in the neglect count we can look at a whole list of things where it says or "cruelly treated"; and I think that if we took the same set of facts that we had--irregardless of whether it was a child or an adult--if somebody put an adult in a box the relative size of the box that that child was put in under those conditions, nobody would think twice about it being cruel or about that person being contained.

Appellant was convicted of two separate statutory violations.

Code § 40.1-103, Cruelty and injuries to children, states:

It shall be unlawful for any person employing or having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to be placed in a situation that its life, health or morals may be endangered, or to cause or permit such child to be overworked, tortured, tormented, mutilated, or cruelly treated.

Code § 18.2-47, Abduction, states:

Any person, who, by force, intimidation, or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty or to withhold or conceal from him any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of "abduction[.]"

Appellant argues the double jeopardy doctrine bars his convictions for both offenses because each conviction relied on an identical element, namely the act of placing Melanie in the box.

In his constitutional argument, [appellant] focuses upon the provision that no person "shall . . . for the same offense . . . be twice put in jeopardy of life or limb." U.S. Const., amend. V. [Appellant] reiterates his view concerning the singularity of his criminal act and emphasizes the sameness of the evidence supporting his convictions. . . .

The constitutional provision concerning double jeopardy embodies three guarantees: "(1) 'It protects against a second prosecution for the same offense after acquittal. [(2)] It protects against a second prosecution for the same offense after conviction. [(3)] And it protects against multiple punishments for the same offense.'" Illinois v. Vitale, 447 U.S. 410,

3

415 (1980), quoting <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969). Because both . . . convictions occurred in a single trial, only the third guarantee, <u>viz.</u>, that against multiple punishments, is pertinent to the resolution of the present appeal. <u>Turner v. Commonwealth</u>, 221 Va. 513, 529, 273 S.E.2d 36, 46–47 (1980)[subsequent history omitted].

In a single-trial setting, "the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." <u>Brown v. Ohio</u>, 432 U.S. 161, 165 (1977). And, "the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." <u>Whalen v. United States</u>, 445 U.S. 684, 688 (1980). . . .

The question resolves itself, therefore, into one of legislative intent where the issue is whether "the Legislative Branch" has provided that two offenses may be punished cumulatively. In divining this intent, the test to be applied is "whether each offense requires proof of a fact which the other does not." <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932). And, in applying this test, the two offenses are to be examined in the abstract, rather than with reference to the facts of the particular case under review. <u>Whalen</u>, 445 U.S at 694 n.8.

<u>Blythe v. Commonwealth</u>, 222 Va. 722, 725–26, 284 S.E.2d 796, 797–98 (1981); <u>see also</u> <u>United States v. Dixon</u>, 509 U.S. __, 113 S. Ct. 2849 (1993), overruling <u>Grady v. Corbin</u>, 495 U.S. 508 (1990)(reexamining the <u>Blockburger</u> doctrine); <u>Brown v. Commonwealth</u>, 230 Va. 313, 314, 337 S.E.2d 711, 713 (1985)(stating courts must determine whether the legislature intended to make each violation a separate offense); <u>Sullivan v. Commonwealth</u>, 16 Va. App. 844, 846, 433 S.E.2d 508, 509–10 (1993)(<u>en banc</u>)(describing the three distinct protections of the double jeopardy clause); <u>Phoung v. Commonwealth</u>, 15 Va. App. 457,

4

461 n.1, 424 S.E.2d 712, 714 n.1 (1992)(same).

When viewing the two instant charges in the abstract, we believe the legislature intended the charges to qualify as two separate offenses within the meaning of the Blockburger test. See Blythe, 222 Va. at 276, 284 S.E.2d at 796. The conviction of cruelty to children required that appellant was the custodian of Melanie and that he endangered the life or the health of Melanie or did acts that tortured, tormented, beat, or cruelly treated Melanie. Code § 40.1-103. The abduction conviction required that appellant detained or secreted Melanie with intent to deprive her of her personal liberty. Code § 18.2-47. Restraint is not required for an offense of cruelty to children and abuse is not required for an offense of abduction.

Because we find the two statutes require proof of additional facts, and they therefore constitute two distinct offenses, the double jeopardy clause is not offended. Accordingly, we affirm the convictions.

Affirmed.