COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


KEVIN LAMONT ARMSTEAD
                                                                OPINION BY
v.        Record No. 1132-08-2                       JUDGE ROSSIE D. ALSTON, JR.
                                                             DECEMBER 15, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
                               Thomas B. Hoover, Judge

             Mary K. Martin for appellant.

             Richard B. Smith, Special Assistant Attorney General (William C.
             Mims, Attorney General, on brief), for appellee.


        Kevin Lamont Armstead (appellant) appeals his conviction for unlawful shooting at an

occupied vehicle, in violation of Code § 18.2-154.  Appellant contends that double jeopardy bars his

conviction, because he was previously tried and convicted of assault, arising out of the same events.

Appellant argues that assault is a lesser-included offense of unlawful shooting at an occupied

vehicle.  For the reasons stated, we disagree with appellant and affirm his conviction.

                                       Background

        The material facts are not in dispute.  The parties stipulate that on September 24, 2006,

appellant and several of his friends drove their car onto property belonging to James Black.

Appellant and his friends asked Black if they could fish on Black's property.  Black denied them

permission and asked appellant and his friends to leave.  As Black followed the car off the property

in his own pickup truck, the car stopped.  Appellant and one of the car's other occupants exited the

car and started yelling at Black.  In response, Black turned his truck around and drove away from

appellant.  As Black left, appellant pulled out a handgun and fired at Black's truck.  Black ducked

his head and accelerated. Several bullets passed through the back windshield of the truck, approximately where Black's head would have been had he not moved. Appellant fled the scene.

Appellant was charged with attempted murder, illegal use of a firearm, and brandishing a firearm. At trial, appellant admitted that he fired shots at Black, intending to scare him. He denied aiming at Black, and instead claimed he attempted to shoot at the truck's bumper. On July 20, 2007, a jury convicted appellant of brandishing a firearm and assault.

On September 4, 2007, appellant was indicted for malicious shooting at an occupied vehicle, in violation of Code § 18.2-154. Appellant filed a motion to dismiss the charge, arguing that his double jeopardy protections were implicated because of the assault conviction relating to the same facts and circumstances. The trial court dismissed the charge of malicious shooting at an occupied vehicle, but allowed the Commonwealth to amend the indictment and proceed on the lesser charge of unlawful shooting at an occupied vehicle.

On March 14, 2008, appellant entered a conditional guilty plea to the amended charge and the trial court sentenced appellant to five years for unlawful shooting. This appeal followed.

Analysis

"The double jeopardy clauses of the United States and Virginia Constitutions provide that no person shall be put twice in jeopardy for the same offense." Martin v. Commonwealth, 221 Va. 720, 722, 273 S.E.2d 778, 780 (1981). "These clauses apply when (1) the two offenses involved are identical, (2) the former offense is lesser-included in the subsequent offense, and (3) the subsequent offense is lesser-included in the former offense." Id. Appellant does not contend that assault and unlawful shooting at an occupied vehicle are the same offense or that unlawful shooting is a lesser-included offense of assault. Appellant's double jeopardy argument rests on the proposition that assault is a lesser-included offense of unlawful shooting at an occupied vehicle. Thus, consistent with the requirements of the Double Jeopardy Clause,

appellant could not be prosecuted on the unlawful shooting charge when he was previously prosecuted for assault related to the same facts and circumstances.

Whether an offense is lesser-included for double jeopardy purposes depends on whether it requires proof of a fact that the greater offense does not. Blockburger v. United States, 284 U.S. 299, 304 (1932). Put another way, "[t]he same-elements test, sometimes referred to as the 'Blockburger' test, inquires whether each offense contains an element not contained in the other . . . ." United States v. Dixon, 509 U.S. 688, 696 (1993); see also Commonwealth v. Hudgins, 269 Va. 602, 605, 611 S.E.2d 362, 364-65 (2005). "[I]n applying this test, the two offenses are to be examined in the abstract, rather than with reference to the facts of the particular case under review." Blythe v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981); see also Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001). "It is the identity of the offense, *and not the act*, which is referred to in the constitutional guaranty against double jeopardy." Martin, 221 Va. at 723, 273 S.E.2d at 780 (quoting Epps v. Commonwealth, 216 Va. 150, 153-54, 216 S.E.2d 64, 67 (1975) (emphasis added in Martin)).

Applying Blockburger, if assault is to be considered a lesser-included offense of unlawful shooting at an occupied vehicle, every element of assault must be an element of unlawful shooting. Appellant contends that assault is an attempt or offer to do bodily harm through an unlawful show of force or violence. Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955). However our Supreme Court recently defined assault, in light of the merger of the crime and tort of common law assault. Thus,

> common law assault, whether a crime or tort, occurs when an
> assailant engages in an overt act intended to inflict bodily harm
> and has the present ability to inflict such harm *or* engages in an
> overt act intended to place the victim in fear or apprehension of
> bodily harm and creates such reasonable fear or apprehension in
> the victim.

Carter v. Commonwealth, 269 Va. 44, 47-49, 606 S.E.2d 839, 841-42 (2005) (rejecting the definition of assault stated in Harper because "the definition of assault was not critical to the issue before the Court"). Under the definition set out in Carter, appellant must intend to inflict bodily harm or intend to place the victim in fear or apprehension of bodily harm. Id.; see also Gilbert v. Commonwealth, 45 Va. App. 67, 71, 608 S.E.2d 509, 511 (2005) ("a person cannot be convicted of assault . . . 'without an intention to do bodily harm—either an actual intention or an intention imputed by law'" (quoting Davis v. Commonwealth, 150 Va. 611, 617, 143 S.E. 641, 643 (1928))).

Unlawful shooting at an occupied vehicle is a statutory crime, defined in Code § 18.2-154. That section reads,

> Any person who maliciously shoots at . . . any motor vehicle or other vehicles when occupied by one or more persons, whereby the life of any person . . . in such motor vehicle or other vehicle, may be put in peril, is guilty of a Class 4 felony. . . . If any such act is committed unlawfully, but not maliciously, the person so offending is guilty of a Class 6 felony . . . .

Code § 18.2-154.[1]

---

[1] Code § 18.2-154 provides, in its entirety:

> If any person maliciously shoot at, or maliciously throw any missile at or against, any train or cars on any railroad or other transportation company or any vessel or other watercraft, or any motor vehicle or other vehicles when occupied by one or more persons, whereby the life of any person on such train or car, or on such vessel, or other watercraft, or in such motor vehicle or other vehicle, may be put in peril, the person, or persons so offending shall be guilty of a Class 4 felony; and, in the event of the death of any such person, resulting from such malicious shooting or throwing, the person so offending shall be guilty of murder, the degree to be determined by the jury or the court trying the case without a jury.
> If any such act be committed unlawfully, but not maliciously, the person so offending shall be guilty of a Class 6 felony; and, in the event of the death of any such person, resulting from such unlawful act, the person so offending shall be deemed guilty of involuntary manslaughter.

The parties do not dispute that when the accused commits an unlawful shooting, he engages in an overt act with the present ability to inflict harm and the likelihood of creating apprehension on the part of the occupants of the vehicle. However, assault also requires proof of *intent* to inflict bodily harm or to create fear or apprehension. Appellant contends that inherent in the offense of unlawful shooting at an occupied vehicle is the requirement that the accused know or have reason to know the vehicle is occupied. Because it is a well-settled principle of law that "a person intends the immediate, direct, and necessary consequences of his voluntary acts," Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991), appellant argues that the accused intends to inflict bodily harm or create fear or apprehension when he shoots at an occupied vehicle. Accordingly, appellant would have this Court find that every offense of unlawful shooting at an occupied vehicle constitutes an assault. Appellant misconstrues the intent element required to prove unlawful shooting, and we decline to import such a strained meaning to the plain language of the statute.

"When interpreting a statute, courts 'are required to ascertain and give effect to the intention of the legislature, which is usually self-evident from the statutory language.'" Johnson v. Commonwealth, 53 Va. App. 608, 612, 674 S.E.2d 541, 543 (2009) (quoting Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006)). A statute "should be read to give reasonable effect to the words used and to promote the ability of the enactment to remedy the mischief at which it is directed." Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995). The Court will not read a specific intent

---

If any person commits a violation of this section by maliciously or unlawfully shooting, with a firearm, at a conspicuously marked law-enforcement, fire or rescue squad vehicle, ambulance or any other emergency medical vehicle, the sentence imposed shall include a mandatory minimum term of imprisonment of one year.

- 5 -

requirement into a statute unless the provision's unambiguous language requires proof of a specific intent. Stuart v. Commonwealth, 11 Va. App. 216, 218, 397 S.E.2d 533, 537 (1990).

The plain language of Code § 18.2-154 simply does not require the intent to inflict bodily injury on the part of the accused. While this Court has not outlined the elements of unlawful shooting at an occupied vehicle, we previously held that Code § 18.2-279, which governs shooting at an occupied dwelling and contains substantially similar language, is not a specific intent crime. Fleming v. Commonwealth, 13 Va. App. 349, 354, 412 S.E.2d 180, 183 (1991). That section reads, in relevant part:

> If any person maliciously discharges a firearm within any building when occupied by one or more persons in such a manner as to endanger the life or lives of such person or persons, or maliciously shoots at, or maliciously throws any missile at or against any dwelling house or other building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person so offending is guilty of a Class 4 felony. . . .
>
> If any such act be done unlawfully, but not maliciously, the person so offending is guilty of a Class 6 felony; . . . .

Code § 18.2-279. In Fleming, the Court held that

> [a] violation of the statute may be established upon proof that a person unlawfully discharged a firearm at or in the direction of an occupied dwelling if the person knew or should have known that the dwelling was in the line of fire, even if the person did not specifically intend to shoot at or into the dwelling.

13 Va. App. at 354, 412 S.E.2d at 183. The Court noted that the legislature revised Code § 18.2-279 to include the terms "at or against," where the statute previously criminalized shooting "into" an occupied dwelling. Id. The Court further noted that "[t]he word 'at' has a common and easily understood meaning and is defined as 'a function word used to indicate . . . that toward which an action . . . is directed.'" Id. at 355, 412 S.E.2d at 184 (quoting Webster's Third New International Dictionary 136 (3d ed. 1981)). Concluding that "the offense as defined

- 6 -

by the statute is not a specific intent crime," the Commonwealth need only "prove beyond a reasonable doubt that the [accused] intended to shoot at or toward an occupied dwelling." Id. at 354-55, 412 S.E.2d at 183-84.

We find the Court's analysis of the statute governing unlawful shooting at a building convincing in its application to our approach in this matter. When the General Assembly enacted Title 18.2, revising Title 18.1, it created separate offenses for unlawful shooting at an occupied vehicle and unlawful shooting at an occupied dwelling. However, the language of the two statutes remains almost identical. Like shooting at an occupied dwelling, Code § 18.2-154 no longer proscribes as criminal shooting "into" an occupied vehicle. Thus, we find no reason to interpret Code § 18.2-154 differently than we have interpreted Code § 18.2-279. Accordingly, in order to prove the offense of unlawful shooting at an occupied vehicle, the Commonwealth must prove beyond a reasonable doubt that the accused intended to shoot at or toward an occupied vehicle, but not that he had any specific intent to cause bodily injury or fear or apprehension to the person therein.

Appellant argues that this intent is inherent, because in every circumstance where the accused shoots at or toward an occupied vehicle, he is either intending to injure the vehicle's occupant or intending to cause that occupant fear or apprehension. But appellant ignores the well-settled rule that "in applying [the same-elements] test, the two offenses are to be examined in the abstract, rather than with reference to the facts of the particular case under review." Blythe, 222 Va. at 726, 284 S.E.2d at 798.

We find nothing to support the proposition that, in a prosecution for unlawful shooting at an occupied vehicle under Code § 18.2-154, the Commonwealth must prove that a defendant intended to inflict bodily harm or place the victim in fear or apprehension of bodily harm. This "intent requirement" is an essential element required to prove assault. Accordingly, assault is not

a lesser-included offense in unlawful shooting at an occupied vehicle, for assault requires proof of a fact that unlawful shooting does not.  Thus, appellant's conviction for unlawful shooting was not barred by double jeopardy.

Conclusion

For these reasons, we find that the offense of unlawful shooting at an occupied vehicle, in violation of Code § 18.2-154, does not require proof of appellant's specific intent.  Assault, on the other hand, requires proof that appellant intended to inflict bodily harm or place the victim in fear or apprehension of bodily harm.  Accordingly, prosecution for both crimes does not constitute double jeopardy.  Thus, the trial court did not err in allowing the Commonwealth to proceed on the charge of unlawful shooting after conviction for assault, relating to the same facts and circumstances.

Affirmed.