UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, McCullough and Senior Judge Haley
Argued at Salem, Virginia


DAVID MICHAEL BOMBER

                                         MEMORANDUM OPINION[*] BY
v.      Record No. 2451-11-3             JUDGE JAMES W. HALEY, JR.
                                            MARCH 5, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Robert P. Doherty, Jr., Judge

Wayne D. Inge for appellant.

Victoria Johnson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


In a single trial, a jury convicted David Michael Bomber of aggravated malicious wounding (Code § 18.2-51.2) and second-degree murder (Code § 18.2-32). The trial court imposed the jury's recommended sentences on each conviction.

Bomber maintains the trial court erred in refusing to strike the second-degree murder indictment, or to merge the aggravated malicious wounding indictment into the second-degree murder indictment, and, further, erred in denying his motion to vacate the conviction for aggravated malicious wounding.

These assignments of error are premised upon Bomber's contention that his conviction of and sentencing for both aggravated malicious wounding and second-degree murder in a single trial violate the Fifth Amendment prohibition against double jeopardy.

We affirm the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The relevant facts may be succinctly stated. On June 5, 2010, Bomber stabbed the victim. On January 15, 2011, the victim died. Bomber does not challenge the sufficiency of the evidence supporting either conviction, nor does he challenge the causal relation between the wounding and the death.

Bomber contends there was one criminal act of stabbing which resulted in multiple punishments in violation of the Fifth Amendment protections against double jeopardy. The Fifth Amendment guarantees that no person "shall . . . for the same offense . . . be twice put in jeopardy of life or limb." "The constitutional provision concerning double jeopardy embodies three guarantees: '(1) "It protects against a second prosecution for the same offense after acquittal. [(2)] It protects against a second prosecution for the same offense after conviction. [(3)] And it protects against multiple punishments for the same offense."'" Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981) (quoting Illinois v. Vitale, 447 U.S. 410, 415 (1980)). Appellant's argument encompasses the third protection, prohibiting multiple punishments for a single offense in a single trial.

> In the single-trial setting, "the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." Brown v. Ohio, 432 U.S. 161, 165 (1977). And, "the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." Whalen v. United States, 445 U.S. 684, 688 (1980). . . .
>
> The question resolves itself, therefore, into one of legislative intent where the issue is whether "the Legislative Branch" has provided that two offenses may be punished cumulatively.

Id. at 725-26, 284 S.E.2d at 798. Appellate courts must "first consider whether 'the legislative intent is clear from the face of the statute or the legislative history . . . .'" Andrews v. Commonwealth, 280 Va. 231, 284, 699 S.E.2d 237, 267 (2010) (quoting Garrett v. United States,

471 U.S. 773, 779 (1985)).  In the absence of explicit or implicit statements of legislative intent, reviewing courts must determine the legislative authorization by examining the relevant statutes.

> When "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each [offense charged] requires proof of an additional fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932).

Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001).  "[I]n applying this test, the two offenses are to be examined in the abstract, rather than with reference to the facts of the particular case under review."  Blythe, 222 Va. at 726, 284 S.E.2d at 798.

During oral argument before the panel, counsel for Bomber based his argument primarily upon Andrews.  We accordingly review that case.

Andrews killed Romano A. Head and Robert I. Morrison on January 2, 2002, in an apartment, at approximately the same time, during what is fairly characterized as the same act or transaction.  Prior to these murders, an individual named Clayton K. Breeden had been killed on December 13, 2001.  Andrews was indicted for the capital murder of all three.  The indictments for the murder of Head and Morrison charged a violation of subsection (7) of Code § 18.2-31, "killing of more than one person as a part of the same act or transaction."  The indictments for the murders of Head, Morrison, and Breeden charged a violation of subsection (8) of Code § 18.2-31, "killing of more than one person within a three-year period."  In a single trial, a jury acquitted Andrews of the murder of Breeden, but convicted Andrews of the murders of Head and Morrison under both subsections of Code § 18.2-31.  Following the jury recommendation, the trial court imposed four death sentences for the killing of Head and Morrison:  two death sentences under both subsections for both victims.

Andrews maintained that two of the death sentences violated the Double Jeopardy Clause because both convictions were necessarily based upon the concurrent murders of Head and Morrison. Thus, he argued, he had been subjected to multiple punishments for the same offense.

The Commonwealth defended based upon a Blockburger analysis. However, the Supreme Court noted that a condition precedent to application of that analysis is a determination that the legislature, in enacting a statute or statutes, did, or did not, intend that each violation be a separate offense. Andrews, 280 Va. at 284, 699 S.E.2d at 267. If that legislative intent cannot be ascertained, Blockburger becomes the default analytical tool. Reviewing the legislative history, the Supreme Court found that in enacting subsection (8) of Code § 18.2-31 "the General Assembly could not have intended to create a separate offense of capital murder under which a defendant could be punished for the same conduct for which he also could be punished under Code § 18.2-31(7)." Id. at 287, 699 S.E.2d at 269. Thus, the Andrews Court concluded Blockburger analysis was not appropriate. The Supreme Court held that while an individual could be indicted and convicted under both subsections, the imposition of two death sentences under both "violated the double jeopardy prohibition against multiple punishments for the same offense." Id. at 288, 699 S.E.2d at 269-70. Accordingly, upon remand, the Commonwealth was required to elect which conviction it chose to pursue in a new penalty determination proceeding.

On brief in the instant case, Bomber writes that there "is no explicit or implicit legislative authorization for imposing multiple punishments for the same conduct in either . . . Code § 18.2-51.2 or . . . Code § 18.2-32." Appellant's Br. at 5, 8. We agree there is no *explicit* legislative authorization. Likewise, however, there is no explicit or implicit legislative prohibition on imposing multiple punishments in, or applicable to, either statute. They are separate statutes, not subsections of the same statute as in Andrews, and they authorize different degrees of punishment. We cannot ascertain the legislative intent as to the double jeopardy issue

before us by a plain reading of the statutes or by the legislative history. Therefore, we must apply the Blockburger test and compare the elements of proof for each offense.

Viewing the offenses in the abstract, second-degree murder and aggravated malicious wounding have distinct elements of proof. Both offenses require proof of malice. However, the two offenses have no other elements in common. Aggravated malicious wounding must be by stabbing, cutting, shooting, or other wound or injury. Code § 18.2-51.2. A prosecution for second-degree murder does not require proof of means. The murder may be accomplished through any of the same methods as a malicious wounding, or others, such as poisoning, strangulation, and starvation. Blythe, 222 Va. at 726, 284 S.E.2d at 798. Aggravated malicious wounding requires proof of the "intent to maim, disfigure, disable *or* kill." Code § 18.2-51.2 (emphasis added). Second-degree murder does not require proof of any specific intent. Tizon v. Commonwealth, 60 Va. App. 1, 11, 723 S.E.2d 260, 265 (2012). Finally, aggravated malicious wounding requires proof of "permanent and significant physical impairment," Code § 18.2-51.2, and second-degree murder requires proof of death. These elements for each offense are thus distinct. Indeed, on brief, Bomber writes: "Obviously a person cannot be charged with some degree of homicide until his victim dies." Appellant's Br. at 9.

Bomber's contention that the only difference for the prosecution of one crime over the other being the passage of time, is a fact specific argument which is not relevant in a Blockburger analysis. The two offenses require elements of proof that the other does not. Much like in Blythe (multiple punishments intended with voluntary manslaughter and unlawful wounding in the commission of a felony), the aggravated malicious wounding statute prohibits certain methods of violence resulting in severe and permanent injury. The murder statute punishes the taking of life without regard to the method. Aggravated malicious wounding requires proof of a specific intent, whereas second-degree murder requires no specific intent.

With different elements of proof, aggravated malicious wounding is not a lesser-included offense of second-degree murder.  Similarly, the <u>Coleman</u> Court determined malicious wounding was not a lesser-included offense of attempted murder and the legislature intended multiple punishments.  Where there are distinct elements of proof, the facts of the particular case have no bearing on the abstract analysis of the statutes.

The offenses, having separate and distinct elements, allow for prosecution under both statutes.  Thus, we conclude the legislature authorized separate punishments for these acts.  Accordingly, we affirm Bomber's convictions for both aggravated malicious wounding and second-degree murder.[1]

<u>Affirmed.</u>

---

[1] During oral argument counsel for Bomber candidly and admirably acknowledged that a <u>Blockburger</u> analysis would defeat his double jeopardy argument and for that reason primarily based his argument upon <u>Andrews</u>.