# Wytheville.

## SAM DAVIS *v.* COMMONWEALTH.

### June 14, 1928.

Argued and submitted before Judge Holt took his seat.

1. APPEAL AND ERROR—*Grounds of Objection to Instruction—Rule 22 of the Supreme Court of Appeals—Case at Bar.*—In the instant case the Commonwealth contended that petitioner for writ of error had not sufficiently complied with Rule 22 of the Supreme Court of Appeals to entitle him to a review by that court of the action of the lower court in giving instructions.

   *Held:* That the grounds of objection to the instructions stated in the trial court and incorporated by bills of exception in the record were a sufficient compliance with the rule.

2. CRIMINAL LAW—*Indictment and Information—Election between Accusation of Assault and Battery and Reckless Driving—Case at Bar.*—In the instant case, under the evidence, the Commonwealth might' have indicted the accused for reckless driving in violation of section 2, chapter 474, of the Motor Vehicle Law, Acts of Assembly 1926, at page 768, or for assault with intent to maim, disfigure and kill, as it did do; but having elected to prosecute for assault and battery, the Commonwealth's case must stand or fall upon that charge.

3. ASSAULT AND BATTERY—*Intent to do Bodily Harm.*—One cannot properly be convicted of assault and battery without an intention to do bodily harm—either an actual intention or an intention imputed by law.

4. ASSAULT AND BATTERY—*Burden of Proof—Intent to do Bodily Harm—Reckless and Wanton Disregard of Human Life.*—In the instant case, a prosecution for assault and battery by striking another with an automobile, the burden was on the Commonwealth to prove that the accused, in fact, intended to do bodily harm to another, or that he drove his car in a manner which showed a reckless and wanton disregard for human life and safety, and thereby caused the injury to one or more persons in another car.

5. ASSAULT AND BATTERY—*Intent—Automobiles—Reckless and Wanton Disregard of Life—Case at Bar.*—In the instant case, a trial on an indictment for assault and battery, it appeared that accused, when the collision occurred, out of which the charge against him for

assault arose, was intoxicated and was driving his car on the wrong side of the road at the rate of fifty or sixty miles per hour; that the driver of the other car, in an effort to avoid a collision, ran his car into the ditch on his side of the road, where it was struck and turned over, and that accused's car ran 170 yards after the accident. While mere negligence in the operation of an automobile will not support a conviction of the driver for assault and battery, it was for the jury to say whether, under these facts and circumstances, the injury to the occupants of the other car was occasioned by accused's reckless and wanton disregard for the lives and safety of others. If the act was so done, the law imputed to accused an intention to do bodily harm, and he was guilty of assault and battery.

6. ASSAULT AND BATTERY—*Automobiles.*—Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety; and the same is true where the automobile is driven against another vehicle causing physical injuries to the person in the vehicle.

7. ASSAULT AND BATTERY—*Automobiles—Intent—Instructions—Probable Consequences of Act.*—In a prosecution for assault and battery arising out of an automobile collision, the court instructed the jury "that a man is presumed to intend that which is the natural or probable consequence of his own act," and that the word "intent" when used in the instructions in the case must be taken in that sense.

*Held:* That this instruction stated the law with substantial accuracy and did not prejudice the rights of the accused.

8. ASSAULT AND BATTERY—*Automobiles—Instructions—Case at Bar.*—In a prosecution for assault arising out of an automobile collision, at the request of defendant, the court instructed the jury that accused could not be convicted unless he drove his car into collision with the other car with intent to maim, disfigure, disable or kill the persons in the other car, or any of them, and that the intent to do bodily harm to another is essential to constitute the crime of assault.

*Held:* That these instructions were more favorable to accused than he was entitled to, in that they nowhere told the jury that the necessary intention on the part of the accused to do bodily harm to another would be imputed to him by law, where he injured another, by wilfully driving his automobile with a reckless and wanton disregard for the safety of others.

9. ASSAULT AND BATTERY—*Automobiles—Intention—Instructions—Case at Bar.*—In a prosecution for assault arising out of an automobile collision, the court instructed the jury that if defendant was operating his car at an excessive rate of speed and that the other car was on the right side of the road and he collided with it, injuring the occupants, he was guilty; that if they believed that the car of the parties

injured was on the right side of the road and that the collision was
caused by defendant's failure to keep to the left of the road, they
should find him guilty; and that if they believed that defendant was
operating his car while under the influence of intoxicants and that as
a result he ran into the other car, which was on the right side of the
road, injuring its occupants, they should find him guilty.

*Held:* That the court erred in giving these instructions, as they
omitted all reference to the intention of the accused to do bodily
harm, which is an essential element of an assault and battery, and
directed a verdict upon a partial view of the evidence.

Error to a judgment of the Circuit Court of Mecklen-
burg county.

*Reversed.*

The opinion states the case.

*E. P. Buford* and *F. C. Bedinger*, for the plaintiff in
error.

*John R. Saunders, Attorney-General, Leon M. Bazile*
and *Edwin H. Gibson, Assistant Attorneys-General*, for
the Commonwealth.

WEST, J., delivered the opinion of the court.

Sam Davis was tried upon his plea of not guilty to an
indictment charging that he feloniously and maliciously
committed an assault with a certain deadly weapon,
to-wit, a high-powered automobile, by him "driven and
run at, against, towards and upon" Sterling Jones and
six other persons named in the indictment, who were
riding in Jones' car; and that he did with the said
automobile, "strike, cut, wound, bruise and otherwise
injure, and otherwise cause bodily harm, with the in-
tention in so doing  *  *  *  the parties above named,
unlawfully and maliciously to maim, disfigure, disable
and kill." The jury found him guilty of assault and

battery and fixed his punishment at six months in jail and a fine of $250.00. To the judgment of the court carrying into effect the verdict of the jury this writ of error was allowed.

Sam Davis was driving an automobile south from La Crosse, in Mecklenburg county. When about three miles from La Crosse his car collided with an automobile driven by Sterling Jones, which was going north. Both cars were damaged to some extent. Jones received severe cuts and wounds and other occupants of his car were injured as a result of the collision.

Plaintiff in error assigns as error the action of the court: (1), in refusing to set aside the verdict of the jury and award him a new trial; (2), in giving instructions "A," "B" and "C" for the Commonwealth; (3), in giving, of its own motion, instructions 1B and 1C.

[1] We find no merit in the contention of the Commonwealth that petitioner has not sufficiently complied with Rule 22 to entitle him to a review by this court of the action of the court in giving instructions "A," "B," "C," 1B and 1C.

We think the grounds of objection stated in the trial court, found on pages 35 and 36 and 32 and 33 of the record are a sufficient compliance with the rule. *Levine* v. *Levine*, 144 Va. 337, 132 S. E. 320.

The instructions given by the court are as follows:

(a) Instructions given for the Commonwealth:

"A. The court instructs the jury if they believe from the evidence that the defendant, Sam Davis, was operating his car at an excessive rate of speed, taking into consideration the condition of the road, at the time his car collided with that of Sterling Jones, and that the car of Sterling Jones was on the right side of the road, injuring him or others therein, they must find him guilty of assault and battery.

"B. The court instructs the jury that if they believe that at the time of the collision mentioned in these proceedings the car of Sterling Jones was on the right side of the road and that the collision was caused by the defendant's failure to keep to the left side of the road, they must find him guilty of assault and battery.

"C. The court instructs the jury that if they believe from the evidence that the accused was operating his car upon the public roads of the Commonwealth while under the influence of intoxicants and that as a result of his condition he ran into the car of Sterling Jones, and that the car of Sterling Jones was on the right side of the road, injuring him or others, they must find him guilty of assault and battery."

(b) Instructions given for the defendant:

"1. The court instructs the jury that they cannot convict the accused of the crime of malicious wounding or injuring any of the persons mentioned in the indictment unless they believe from the evidence beyond a reasonable doubt that the accused was actuated by malice in bringing about or causing the collision of the automobile which he was driving with the automobile in which said persons were riding, and unless they further believe from the evidence beyond a reasonable doubt that the accused did so with intent to maim, disfigure, disable or kill the said persons, or any of them.

"2. The court further instructs the jury that they cannot convict the accused of unlawfully wounding or injuring said persons, or any of them, as charged in the indictment, unless they believe from the evidence beyond a reasonable doubt that he unlawfully brought or drove his car into collision with the car in which said persons were traveling, and further that he did

so with intent to maim, disfigure, disable or kill the said persons, or any of them.

"3. The court further instructs the jury that the word 'maim,' as used in the indictment, means to violently deprive another of the use of such of his members as may render him less able in fighting either to defend himself or to annoy his adversary; that the word 'disfigure' means to inflict a bodily injury which constitutes a permanent disfigurement of the injured person, and that the word 'disable' means to inflict a bodily injury which permanently disables the injured person.

"4. The court further instructs the jury that an assault is an attempt or offer with force and violence to do a bodily harm to another and that the intention on the part of the accused to do such bodily harm to another is essential to constitute the crime of assault, and unless the jury believe from the evidence beyond a reasonable doubt that the accused did attempt or offer with force and violence to do bodily harm to the said persons, or some of them, by running his car against the car in which they were riding, they cannot find him guilty of the crime of assault charged in the indictment.

"5. The court further instructs the jury that they cannot convict the accused of the crime of assault charged in the indictment unless they believe from the evidence beyond a reasonable doubt that he intentionally operated the automobile, which he was driving, in such a manner as would naturally terrify them and lead the occupants of the automobile which Sterling Jones was driving, at the time of the collision mentioned in the indictment, to believe that he was attempting or offering to do them, or some of them, some bodily harm."

(c) Instructions given by the court, of its own motion:

"1A. By that instruction (referring to instruction No. 2) and instruction No. 1, the court has practically eliminated any conviction under the maiming act and you are practically limited under these instructions to either find the accused not guilty or find him guilty of assault and battery.

"1B. But the court also instructs you that a man is presumed to intend that which is the natural or probable consequence of his own act.

"1C. In all these instructions where the word 'intent' is used, the court tells you that a man is presumed to intend that which is the natural consequence of his own act."

[2] Under the evidence, the Commonwealth might have indicted the accused for reckless driving in violation of section 2, chapter 474, of the Motor Vehicle Law, Acts of Assembly 1926, at page 768, or for assault with intent to maim, disfigure and kill, as it did do. Having elected to prosecute for assault and battery, the Commonwealth's case must stand or fall upon that charge.

[3] We concur with the contention of the petitioner that he "cannot properly be convicted of assault and battery without an intention to do bodily harm— either an actual intention or an intention imputed by law."

[4] The burden was on the Commonwealth to prove that the accused, in fact, intended to do bodily harm to another, or that he drove his car in a manner which showed a reckless and wanton disregard for human life and safety, and thereby caused the injury to one or more persons in the Jones car.

[5] It appears from the evidence for the Common-

wealth that Davis, when the collision occurred, was intoxicated and was driving his car on the wrong side of the road at the rate of fifty or sixty miles per hour; that Jones, in an effort to avoid a collision, ran his car into the ditch on his right side of the road, where it was struck and turned over by the Davis car, and that the Davis car ran 170 yards after the accident before it could be stopped.

While mere negligence in the operation of an automobile will not support a conviction of the driver for assault and battery, it was for the jury to say whether, under the facts and circumstances disclosed by the evidence, the injury to Jones and others in his car was occasioned by petitioner's reckless and wanton disregard for the lives and safety of other people. If the act was so done, the law imputed to petitioner an intention to do bodily harm, and he was guilty of assault and battery.

In *People* v. *Hopper*, 69 Colo. 124, 128, 169 Pac. 152, 153, the court, quoting with approval from *Tift* v. *State*, 17 Ga. App. 663, 88 S. E. 41, says:

[6] "1. Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety. *Dennard* v. *State*, 14 Ga. App. 485, 81 S. E. 378. The same is true where, under like circumstances, the automobile is driven against another vehicle in which persons are riding, whereby the collision occasions bruises, blows, and similar physical injuries to persons in the vehicle so struck. *State* v. *Lewis*, 4 Pennewill (Del.), 332, 55 Atl. 3.

\*   \*   \*   \*   \*   \*   \*   \*

"3. Nor in such a case was it error for the court to charge the jury as follows: 'Every person is presumed

to intend the natural and necessary consequence of his acts.' "

In Berry on Automobiles (4th Ed.), section 1754, the law is stated thus:

"*Assault and battery.*—Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety.

"The same is true where, under like circumstances, the automobile is driven against another vehicle in which persons are riding, whereby the collision occasions bruises, blows, and similar physical injuries to persons in the vehicle so struck.

"The crime of assault and battery may be committed by driving an automobile on a public highway at a rate of speed that endangers the safety of other persons, and actually results in such an injury. While it is true that both the wilful wrongdoing, which constitutes malice in law, and an intention to inflict injury are of the essence of a criminal assault, and that, as a necessary corollary, mere negligence will not sustain a conviction for such crime, still the necessary malice may be implied from the doing of an unlawful thing from which injury is reasonably apprehended, and an intention to injure need not be specifically directed to the particular individual that was injured, but may be inferred in law from the consequences that are naturally to be apprehended as the result of the particular act, the doing of which was intentional. One must be taken to have intended the natural consequences of his acts, and the driving of an automobile in a reckless manner or at an excessive rate of speed is a wilful act, an act which follows upon a determination of the will of the operator that it shall be done, an intentional act. It is not the result of mere inattention or negligence.

"A wilful act and an act resulting from inattention or negligence 'cannot be confused,' said the court in one case, 'any more than the hurling of a baseball bat into a crowd of spectators could be confused with its accidentally slipping from the hand of a batter. If a blow inflicted in the former manner would constitute an assault, so must a blow inflicted by a wilful act applied to a much more dangerous agency (automobile), since it cannot be that what would be a crime if done with a plaything weighing a few ounces ceases to be a crime if committed with an engine weighing thousands of pounds driven by many horsepowers of force. It has often been held that responsibility increases with the likelihood of injury, but never the reverse.

"The intent in such a case is a question of fact to be determined by the court or jury trying the case, from all the evidence introduced at the trial."

[7] Instructions 1B and 1C state the law with substantial accuracy, and, in the form given, did not prejudice the rights of the accused.

[8] While considering the instructions, we deem it proper to say that instructions 4 and 5, given on motion of the accused, are more favorable to him than he was entitled to have them, in this: They nowhere tell the jury that the necessary intention on the part of the accused to do bodily harm to another will be imputed to him by law, where he injures another by wilfully driving his automobile with a reckless and wanton disregard for the safety of others.

[9] The court erred in giving instructions "A," "B" and "C" for the Commonwealth. These instructions omit all reference to the intention of the accused to do bodily harm, which is an essential element of an assault and battery, and direct a verdict of guilty upon a partial view of the evidence. In the form given, they

were misleading and clearly prejudicial to the rights of the accused.

For errors in the instructions, the judgment will be reversed, the verdict set aside, and the case remanded for a new trial in conformity with the views herein expressed.

*Reversed.*