COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference


CROSBY WINDELL JONES

                                                MEMORANDUM OPINION* BY
v.        Record No. 2421-13-3                  JUDGE WILLIAM G. PETTY
                                                MARCH 31, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge

Keith Orgera, Senior Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Crosby Windell Jones was convicted, after a bench trial, of unlawful wounding, in

violation of Code § 18.2-51. On appeal, Jones argues:

> As the [t]rial [c]ourt made a specific finding of fact that Mr. Jones
> did not have an intent to maim, disable, disfigure or kill, there was
> insufficient evidence as a matter of law to convict Mr. Jones of
> unlawful wounding, in violation of § 18.2-51 of the Code of
> Virginia and thus his conviction by the [t]rial [c]ourt was error.[1]

We agree and remand for resentencing.

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commonwealth argues that Jones failed to preserve this assignment of error
because he "never argued to the court below that it's remark about the evidence required [that]
he be acquitted, thus he has waived this claim pursuant to Rule 5A:18." Rule 5A:18 provides
that no ruling of a trial court will be considered as a basis for reversal by this Court on appeal
unless "an objection was stated with reasonable certainty at the time of the ruling." Here, Jones
argued specifically and extensively in his motion to strike that he had "no intent to maim,
disfigure, disable, or kill." We find this sufficient to preserve the error that there was
"insufficient evidence as a matter of law to convict Mr. Jones of unlawful wounding."

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Jones was indicted for aggravated malicious wounding. During his motion to strike, Jones argued, among other things, he did not have the requisite intent to maim, disfigure, disable or kill.

The court found all of the witnesses impeached and found "the credibility in favor of the Commonwealth's witnesses." Further, the court "adopt[ed] [the Commonwealth's] argument as resolution of the issues in this case." The court then stated,

> But where I have a problem is the grade of offense with—of the Defendant's guilty [sic]. I don't think there's any proof of intent to maim, disfigure, disable or kill. He did hit him in a severe blow and it did a lot of damage but I don't think—I mean, it just happened that that's what he used but I don't think he was really trying to do what ended up happening to [the victim]. So I'm going to find him guilty of unlawful wounding[.]

Neither Jones nor the Commonwealth asked for clarification of the judge's statements. This appeal followed.

II.

Jones argues that the evidence was insufficient to find he had the intent required to be convicted of unlawful wounding. When considering the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial

- 2 -

court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see Code § 8.01-680. The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). We are mindful that "great deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1988).

Here, Jones was charged with malicious wounding in violation of Code § 18.2-51. A defendant violates Code § 18.2-51 when he wounds or injures a victim "with the intent to maim, disfigure, disable, or kill" him. Both malicious wounding and the lesser-included offense of unlawful wounding require that the accused has the specific intent to "maim, disfigure, disable or kill" the victim of the attack. Code § 18.2-51. Assault and battery is also a lesser-included offense of malicious wounding. Commonwealth v. Vaughn, 263 Va. 31, 34, 557 S.E.2d 220, 222 (2002). "One cannot be convicted of assault and battery 'without an intention to do bodily harm–either an actual intention or an intention imputed by law,' but an intent to maim, disfigure or kill is unnecessary to the offense." Boone v. Commonwealth, 14 Va. App. 130, 133, 415 S.E.2d 250, 251 (1992) (quoting Davis v. Commonwealth, 150 Va. 611, 617, 143 S.E. 641, 643 (1928)).

In announcing his ruling, the judge here summarized the credibility of the witnesses and the facts and concluded that he "d[id]n't think there [was] any proof of intent to maim, disfigure, disable or kill." The judge reasoned that the injury "just happened" and he didn't think Jones "was really trying to do what ended up happening to [the victim]."

Thus, the judge made a finding of fact that there was not "any proof" of the intent required for unlawful wounding. The "judge is presumed to know the law and to apply it

correctly in each case." Crest v. Commonwealth, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003). Consequently, we presume the law was correctly applied "[a]bsent clear evidence to the contrary in the record." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977). Here, however, there is clear evidence to the contrary. The judge found as fact that there was not "any proof of intent to maim, disfigure, disable or kill." He then found Jones guilty of unlawful wounding, which requires such specific intent. Neither the Commonwealth nor Jones clarified what the judge meant by his statement. We will not speculate.[2]

Jones admits that the evidence showed he was guilty of assault and battery. He requests that the case be remanded, for sentencing only, for the offense of assault and battery; the Commonwealth does not raise an objection to this request. Therefore, we will so order. See Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318 (2006).

### III.

Because the trial court erred in convicting Jones of unlawful wounding after specifically finding that the Commonwealth failed to prove the necessary element of an intent to maim, disfigure, disable or kill, we reverse Jones's conviction of unlawful wounding, and we remand for entry of an order of conviction and for sentencing for the lesser-included offense of assault and battery in violation of Code § 18.2-57.

Reversed and remanded.

---

[2] Although not binding on this Court, we reached a similar conclusion in the unpublished opinion, Williams v. Commonwealth, No. 1018-10-2, 2011 Va. App. LEXIS 151 (Va. Ct. App. May 3, 2011). In that case, appellant was convicted, after a bench trial, of malicious wounding. "At least four times, the trial court stated that he did not find intent." Id. at *7. We reasoned that "[b]ecause the question of intent is one for the fact finder and it does not appear that the trial court found the specific intent to 'maim, disfigure, disable or kill,' the evidence is insufficient to prove intent." Id. at *10-11. We concluded that "the ruling of the trial court [was] inconsistent with its factual findings and, [was] therefore, plainly wrong or without evidence to support it." Id. at *9.

- 4 -