COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Friedman and Raphael
Argued at Lexington, Virginia


RICHARD LEE SCHROEDER

MEMORANDUM OPINION[*] BY
v.         Record No. 0819-21-3                    JUDGE FRANK K. FRIEDMAN
                                                   SEPTEMBER 27, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Charles N. Dorsey, Judge

Wayne D. Inge for appellant.

Craig W. Stallard, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


The trial court convicted Richard Lee Schroeder of felony assault and battery on a law

enforcement officer.  He now challenges the sufficiency of the evidence supporting his conviction

and maintains that the trial court erred by failing to make certain factual findings and rulings in

reaching its verdict.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Poole v.*

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)).  On January 6, 2020, appellant visited a restaurant with his girlfriend for

approximately three hours, where they drank beer together before she drove them to their home.

Appellant estimated that he drank four or five pints of beer.  The couple argued, and when they

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

returned home, appellant went upstairs alone and locked the bedroom door behind him. Appellant estimated that he went to bed at approximately 11:00 p.m.

While appellant was upstairs, his girlfriend called the police and reported that she had been assaulted. Roanoke County Police Officers Schartau and Wickham responded to the couple's home around midnight. When the officers arrived, appellant's girlfriend told them that appellant had assaulted her and that he was upstairs in the bedroom. She also told them that there were firearms in the house, but they were "locked in a safe." The uniformed officers accompanied her into the house and ascended the stairs.

The officers identified themselves and knocked on appellant's bedroom door. When they directed appellant to exit the bedroom, appellant told the officers to "come back with a warrant." The officers repeated the command for "several minutes," but appellant refused to comply, prompting the officers to request backup assistance. Eventually, appellant opened the door and stood in the threshold. Schartau testified that he had not drawn his taser or firearm when appellant opened the door.

Schartau ordered appellant to exit the bedroom with his hands up, but appellant refused. Schartau approached the door and directed appellant to place his hands behind his back. When appellant failed to comply, Schartau "closed the distance" between them—which he estimated to be "no more than several paces"—and reached for appellant. Schartau explained that he reached for appellant to pull him into the hallway because it is not safe to attempt to restrain someone who is standing in the threshold of a doorway. Schartau also testified that at this point, appellant was not under arrest.

According to Schartau's testimony, while appellant remained in the threshold of the bedroom, appellant "shoved" Schartau in the chest and face with both hands. Schartau testified that the shove stopped his forward movement but did not injure him. According to Officer

Campbell's testimony, appellant was standing about six feet inside the bedroom door when he quickly approached Schartau and shoved him in the chest, propelling Schartau backwards.

After pushing Schartau, appellant retreated into the bedroom, and Schartau pursued him with his taser drawn. Another officer drew his gun and assisted Schartau. In the bedroom, Schartau instructed appellant multiple times to get on his knees and put his hands up. Appellant did not comply. However, the officers were eventually able to take appellant into custody and place him under arrest.

Appellant, a convicted felon, testified on his own behalf. He stated that he had been asleep "for a good bit" when he heard knocking on his door. He at first thought it was his girlfriend knocking, but when he realized the police were knocking, he told them to get a warrant. When appellant eventually opened the door, he saw multiple officers, prompting him to retreat back into the bedroom. He maintained that he spread his legs and placed his hands over his head because the officers had drawn their weapons and were yelling conflicting commands. He claimed he was told "put your hands behind your back," "put up your hands," "get on your face," "get on your knees" and "turn around." Appellant testified that the scene was chaotic and he was afraid of being shot or tased. When Schartau moved quickly toward him, appellant placed his hands in front of him in a defensive manner and flinched, believing he was about to be tackled. When Schartau made contact with appellant's hands, Schartau retreated a few steps and then appellant heard, "Taser, taser, taser." Appellant stated that he was "tased" three times, handcuffed, and arrested.

At the conclusion of the evidence, the trial court stressed that appellant had been drinking and was noncompliant with the officers' commands. The trial court rejected appellant's testimony that Schartau collided with appellant's hands, which were raised in a defensive position. Noting that Schartau's physical build was larger than that of appellant, the trial court

- 3 -

found that Schartau colliding with appellant's raised hands in the manner described by appellant would not have stopped Schartau's forward progress (as Schartau testified) or propelled him backwards (as Campbell testified). The trial court concluded that the officers' testimony was more credible than appellant's and convicted him of assault and battery on a law enforcement officer. This appeal followed.

ANALYSIS

A. The Evidence is Sufficient to Sustain Appellant's Conviction

Appellant contends that the evidence failed to support his conviction for assault and battery on a law enforcement officer because it did not establish that: "the touching was unlawful, in that it was justified or excused as a lawful exercise of self-defense"; "the touching was committed with the intent to place the alleged victim in fear or apprehension of bodily harm"; "the touching was committed with the intent to inflict bodily harm"; "the touching was committed in a rude, insolent, or angry manner; "the touching was objectively offensive"; or "the touching resulted in some manifestation of a physical consequence or corporeal hurt."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion

might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"Assault and battery are common law crimes." *Montague v. Commonwealth*, 278 Va. 532, 541 (2009).[1] "[B]ecause the elements of assault are not statutorily defined, [courts] must apply the common law definition." *Clark v. Commonwealth*, 279 Va. 636, 641 (2010). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010) (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). A willful act is one that is "[v]oluntary and intentional, but not necessarily malicious." *Willful*, *Black's Law Dictionary* (11th ed. 2019). "The law is clear that '[t]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019) (alterations in original) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 469 (2000)). "In such circumstances, '[t]he unlawful intent may be imputed.'" *Id.* (alteration in original) (quoting *Parish*, 56 Va. App. at 331). "Whether an act is done in a 'rude, insolent, or angry manner' is a finding of fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it." *Id.* at 628-29.

"Intent is a factual determination, and a trial court's decision on the question of intent is accorded great deference on appeal and will not be reversed unless clearly erroneous." *Towler v. Commonwealth*, 59 Va. App. 284, 297 (2011). "Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the *only* method of proof." *Abdo v. Commonwealth*, 64 Va. App. 468, 475-76 (2015)

---

[1] The penalty for the offenses is set by statute. Code § 18.2-57(C) provides, in pertinent part, that "if any person commits an assault . . . against another knowing or having reason to know that such other person is a . . . law-enforcement officer . . ., engaged in the performance of his public duties anywhere in the Commonwealth, such person is guilty of a Class 6 felony."

(quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).  "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion [of guilt].'" *Rams v. Commonwealth*, 70 Va. App. 12, 37 (2019) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)).  "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler*, 59 Va. App. at 291 (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)).  An "appellate court does not 'retry the facts,' reweigh the evidence, or make its own determination of the 'credibility of [the] witnesses.'" *Yahner v. Fire-X Corp.*, 70 Va. App. 265, 273 (2019) (alteration in original) (quoting *Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019)).

Here, the trial court was permitted to reject appellant's testimony that he simply raised his hands in a defensive posture as Schartau moved toward him.  *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011).  Appellant, a convicted felon, conceded that he had been drinking before the officers arrived.  Appellant repeatedly ignored the officers' commands to exit the bedroom, prompting Schartau and his partner to request backup assistance.  He continued to refuse to cooperate after other officers arrived.  Taking the facts in the light most favorable to the Commonwealth, *Poole*, 73 Va. App. at 360, when Schartau attempted to reach for appellant, appellant shoved him with both hands, striking him in the chest and face.  The finder of fact found this account credible.

- 6 -

An assault and battery conviction requires "an intention to do bodily harm—either an actual intention or an intention imputed by law." *Adams*, 33 Va. App. at 468 (quoting *Davis v. Commonwealth*, 150 Va. 611, 617 (1928)). When the touching of another is "done in a rude, insolent, or angry manner," *Kelley*, 69 Va. App. at 628 (quoting *Adams*, 33 Va. App. at 469), "unlawful intent may be imputed," *id.* (quoting *Parish*, 56 Va. App. at 331).

Here, the surrounding events, in the best light for the Commonwealth, paint Schroeder as inebriated and uncooperative. Police were responding to what they understood was a domestic assault—and they were told guns were in the house. They were understandably cautious in dealing with the accused under these circumstances. By police accounts, appellant struck a uniformed officer in the face and chest with sufficient force to send him stumbling backwards, despite the fact that the officer was larger than appellant. Under these circumstances, an unlawful intent may be imputed to appellant. *See, e.g.*, *Montague*, 278 Va. at 541 (finding that defendant intended to inflict physical harm when he tried "to prevent the police officers from taking him into custody" by "push[ing]" and "strik[ing] [one officer] in the chest with an elbow"); *Gilbert v. Commonwealth*, 45 Va. App. 67, 71-72 (2005) (finding requisite intent for assault and battery for spitting on a law enforcement officer established through defendant's obstreperous behavior before and during assault).

We will not disturb the judgment of the trial court "unless it is plainly wrong or without evidence to support it." *McGowan*, 72 Va. App. at 521 (quoting *Smith*, 296 Va. at 460). We also cannot "'retry the facts,' reweigh the evidence, or make [our] own determination of the 'credibility of [the] witnesses.'" *Yahner*, 70 Va. App. at 273 (second alteration in original) (quoting *Jeffreys*, 297 Va. at 87). Under this standard of review, and when viewed as a whole, the evidence was competent and sufficient to establish that appellant was guilty of assault and battery on a law enforcement officer.

B. Appellant Failed to Request Specific Findings from the Trial Court, and it was Not Error for the Trial Court to Rule Generally that the Commonwealth Proved Assault and Battery on a Law Enforcement Officer

Appellant assigns error to the trial court's "failure" to make certain specific rulings relating to the conviction. Appellant contends that the trial court erred by "fail[ing] to rule in general on [his] assertion that the touching was a lawful exercise of self-defense" because it did not rule "specifically" whether: "[he] had an objective reasonable belief that he was in immediate danger of being either shot and/or tased"; "the touching was objectively reasonable"; "[he] . . . provoke[d] the actions of the alleged victim"; "[he] retreated and placed his hands on his head before the touching"; and "the touching occurred within [his] home."

Appellant further asserts that the trial court erred by "fail[ing] to rule in general on [his] assertion that the touching was incidental and within the realm of normal human interaction within the specific factual context of the evidence of the case by failing to rule specifically" whether: "the touching was committed with the intent to place the alleged victim in fear or apprehension of bodily harm"; "the touching was committed with the intent to inflict bodily harm"; "the touching was committed in a rude, insolent, or angry manner"; "the touching was objectively offensive"; and "the touching resulted in some manifestation of a physical consequence or corporal hurt."

Appellant stresses that, in rendering its verdict, the trial court's "entire discussion was based on a credibility and weight of the evidence analysis, which focused solely on the officers' version of the actual touching and the Defendant's version of the actual touching." He emphasizes that in finding that the officers' testimony was credible, the court failed to state which of the offense's elements were proved beyond a reasonable doubt. Accordingly, he suggests that the trial court erred because it failed to "explicitly" rule on these issues.

Although appellant complains that the trial court erred by failing to make specific rulings on each of his arguments, nothing in the record suggests that he asked the trial court for these rulings.

"Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). Based on the deferential standard of review applicable in reviewing the sufficiency of the evidence, "it necessarily follows that, when 'faced with a record of historical facts that supports conflicting inferences,' [an appellate] court . . . 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution[.]'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). Here, as discussed above, the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of assault and battery on a law enforcement officer. To the extent appellant desired specific rulings from the trial court, it was incumbent upon him to seek them. Rule 5A:18.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998). When a defendant presents an argument to the trial court, if he fails to obtain a ruling on it, then "there is no ruling for us to review on appeal." *Id.*; *see also Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (same). Furthermore, appellant has not requested that we apply the good cause or ends of justice exceptions under Rule 5A:18, and "we will not invoke them *sua sponte*." *Williams*, 57 Va. App. at 347. Accordingly, Rule 5A:18 bars our consideration of appellant's assignments of error relating to a lack of specific findings.

## CONCLUSION

For the reasons stated above, the trial court's judgment is affirmed.

*Affirmed.*